IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:21–CR–248 |
| vs. | ORDER |
| RICHARD ALLEN KNIGHT, | |
| Defendant. | |

This matter is before the Court to conduct an initial review of defendant Richard Allen Knight's *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Filing 112. The defendant was sentenced on January 10, 2024, to 210 months' incarceration, Filing 109 (Judgment), which was the high end of the sentencing range permitted by the defendant's Rule 11(c)(1)(C) plea agreement in this case, Filing 79 at 3. In his Motion, the defendant raises several grounds for habeas relief, all related to ineffective assistance of counsel. Filing 112. The defendant's asserted grounds include counsel's failure to appeal, deficient performance during the plea negotiation phase, and deficient performance during the pretrial phase. Filing 112.

The judge receiving a § 2255 motion to vacate must first determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court must order the United States to respond and consider holding a hearing. 28 U.S.C. § 2255(b); *see also* Rule 4(b) of the Rules Governing Section 2255 Proceedings.

The Court has conducted an initial review and, for at least one of the defendant's grounds, the Court cannot conclude that it "plainly appears" he is not entitled to relief. *See United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014) ("An attorney's failure to file a notice of appeal upon the

client's request constitutes ineffective assistance of counsel, and no specific showing of prejudice is required."). Therefore, the Court orders the United States to respond to the grounds presented in the defendant's Motion within no later than 21 days after the date of this order. The Court defers determining whether it is necessary to hold an evidentiary hearing until it has reviewed the United States' response. Accordingly,

IT IS ORDERED that the United States shall respond to the defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 no later than March 12, 2025.

Dated this 19th day of February, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge