IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD ALLEN KNIGHT,<br><br>Defendant. | 8:21–CR–248<br><br>MEMORANDUM AND ORDER DENYING IN PART AND REFERRING IN PART THE DEFENDANT'S MOTION TO VACATE UNDER 28 U.S.C. § 2255 |

On January 10, 2024, the Court sentenced the defendant to a term of 210 months' imprisonment for possessing visual depictions of minors engaging in sexually explicit conduct. Filing 109 (Judgment). On December 23, 2024, the defendant filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. Filing 112. Grounds for relief include defense counsel's alleged (1) failure to file a direct appeal after the defendant requested she do so; (2) deficient performance during the plea negotiation process; and (3) deficient performance during the discovery process. Filing 112. On May 12, 2025, the Government responded to the Motion, contending that an evidentiary hearing is needed on the defendant's first ground for relief (defense counsel's alleged failure to file an appeal) but that the other grounds should be dismissed without hearing. The Court agrees. For the reasons stated below, the Court refers the issue of whether the defendant asked his counsel to file an appeal to Magistrate Judge Michael D. Nelson to hold an evidentiary hearing and draft a Findings of Recommendation. The defendant's other claims are dismissed.

I. BACKGROUND

On September 24, 2021, the defendant was indicted on a single count of possession of visual depictions of minors engaging in sexually explicit content. Filing 1. The charge stemmed

1

from a June 2021 search and seizure of a trailer that belonged to the defendant. The defendant, who was then on federal supervised release stemming from a prior conviction for failing to properly register as a sex offender, was determined to be the owner of devices in the trailer that contained child pornography. The defendant was initially appointed an attorney from the Office of the Federal Public Defender,[1] and through his appointed counsel the defendant filed a Motion to Suppress, which the Court denied on August 4, 2022. Filing 47 (Order denying Motion to Suppress).

On August 1, 2022, shortly before the Court denied the defendant's Motion to Suppress, the defendant retained private counsel—whose representation he now asserts was ineffective. Filing 46 (Notice of Attorney Appearance). Between August 23, 2022, and June 12, 2023, the defendant through defense counsel filed six unopposed Motions to Continue, Filing 51; Filing 54; Filing 56; Filing 58; Filing 67; Filing 68, and joined the Government in one additional Joint Email Motion to Continue, Filing 64. All these requested continuances were granted. The defendant subsequently indicated his intent to enter his change of plea, and a hearing was held before then-United States Magistrate Judge Susan M. Bazis on August 2, 2023. Filing 72 (Text Minute Entry).

Before proceeding to the change-of-plea portion of the hearing, the magistrate judge conducted an ex parte hearing with the defendant and defense counsel, due to the defendant's indication on his Petition to Enter a Plea of Guilty that he was not satisfied by defense counsel's representation due to "Fail[ure] to gather requested information." Filing 78 at 2 (Petition); Filing 75 (Sealed Audio File). The defendant's complaints were numerous and varied. For example, he

---

[1] The defendant references his appointed council in his Motion to Vacate under 28 U.S.C. § 2255 in response to the query, "Give the name and address, if known, of each attorney who represented you in the following stages you are challenging." Filing 112 at 10 (listing appointed counsel's name under section titled, "At the arraignment and plea"). But the defendant's three grounds for relief all specifically refer to his retained counsel by name, *see* Filing 112, and the defendant makes no other reference to his appointed counsel. The defendant's claims of ineffective assistance of counsel therefore pertain only to his retained counsel.

2

explained under oath that he believed law enforcement had previously gone through his phone without a warrant, although he acknowledged that law enforcement had obtained a warrant for the search that led to the indictment in this case. Filing 75. He further averred that defense counsel failed to obtain certain "conversations" between himself and his Probation Officer. Filing 75. Notably, the defendant indicated that he wished he had additional time to consider the plea agreement.[2] Filing 75. The defendant stated that counsel warned him that if he did not enter into the Rule 11(c)(1)(C) plea agreement and he were convicted at trial, his sentencing exposure would be much greater. Filing 75. At the end of the hearing, however, the defendant told the magistrate judge that he understood his right to go to trial and wished to proceed to plead guilty pursuant to a plea agreement offered by the Government. Filing 75. The magistrate judge then proceeded with the change-of-plea hearing.

At the change-of-plea hearing, the defendant confirmed that he was "satisfied" with defense counsel's representation, that he was "willing to work with [her]," and that he wanted defense counsel to "continue to represent [him] through sentencing and the pend[ency] of these proceedings." Filing 81 at 20–22. The defendant acknowledged among other things that: he understood the statutory penalties, Filing 95 at 12; he discussed the guidelines with defense counsel, Filing 81 at 13; he limited his right to appeal or collaterally attack his conviction in his plea agreement, Filing 81 at 13; he understood the terms of the plea agreement, Filing 81 at 17; he read, understood, and discussed with his lawyer every question on his Petition to Enter a Plea of Guilty, Filing 81 at 20; he understood and waived his right to a trial, Filing 81 at 22; his change of plea was voluntary and free of threat or other inducement besides the plea agreement, Filing 81 at 25; and he agreed with the factual basis for his guilty plea contained in this plea agreement, Filing

---

[2] The defendant was presented the plea agreement on July 10, 2023, over three weeks prior to the change-of-plea hearing. Filing 81 at 18.

3

81 at 28. The magistrate judge found that the defendant's guilty plea was made knowingly, intelligently, and voluntarily, and was supported by a factual basis. Filing 74. The magistrate judge recommend that this Court accept the defendant's plea of guilty. Filing 74. Neither party objected to the Findings and Recommendation, and the Court accepted the defendant's plea of guilty. Filing 82.

At sentencing held on January 10, 2024, the Court adopted the parties' Rule 11(c)(1)(C) plea agreement that included a binding sentencing range of 180 to 210 months' imprisonment. Filing 79 (plea agreement); Filing 108 (Text Minute Entry). The Court overruled several of the defendant's objections and determined that the applicable guideline incarceration range was 188 to 235 months. Filing 115 at 5. The Court then denied the defendant's Motion for Downward Variance and sentenced him to 210 months' incarceration, the high end of the range contemplated by the plea agreement. Filing 109 (Judgment). The defendant did not appeal, but instead filed the present Motion to Vacate under 28 U.S.C. § 2255 on December 23, 2024. Filing 112.

## II.  ANALYSIS

### A.  Applicable Standards

28 U.S.C. § 2255 permits federal prisoners to ask the sentencing court to "vacate, set aside, or correct" a sentence upon a showing that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Section 2255 is an outgrowth of the historic habeas corpus powers of the federal courts as applied to the special case of federal prisoners." *Jones v. Hendrix*, 143 S. Ct. 1857, 1865 (2023); *see also Odie v. United States*, 42 F.4th 940, 944 (8th Cir. 2022) ("Section 2255 was intended to afford federal prisoners a remedy identical in scope

4

to federal habeas corpus." (internal quotation marks omitted) (quoting *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011))). Relief under § 2255 is limited, as it "does not encompass all claimed errors in conviction and sentencing." *Meirovitz v. United States*, 688 F.3d 369, 370 (8th Cir. 2012) (quoting *Sun Bear*, 644 F.3d at 704).

Normally, under the Supreme Court's test for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668, 686 (1984), courts consider "whether counsel's performance was deficient, and if so, whether prejudice resulted." *United States v. Harris*, 83 F.4th 1093, 1097 (8th Cir. 2023) (internal quotations and citation omitted). "Failure to establish either *Strickland* prong is fatal to an ineffective-assistance claim." *Worthington v. Roper*, 631 F.3d 487, 498 (8th Cir. 2011). Accordingly, there is no need to "inquire into the effectiveness of counsel . . . if [the Court] determine[s] that no prejudice resulted from counsel's alleged deficiencies." *Ramirez v. United States*, 751 F.3d 604, 607 (8th Cir. 2014).

However, the standard is different when the alleged ineffective assistance of counsel relates to the failure to file an appeal at the defendant's request. The Eighth Circuit has explained, "An attorney's failure to file a notice of appeal upon the client's request constitutes ineffective assistance of counsel, and no specific showing of prejudice is required." *United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014) (citations omitted). "Even if the client waived his right to appeal as part of a plea agreement, prejudice is presumed if the client asked his attorney to file a notice of appeal and the attorney did not do so." *Id.*

The Eighth Circuit has stated, "No hearing is necessary 'if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Walker v. United States*, 810 F.3d 568, 580 (8th Cir. 2016). Further, no

5

hearing is necessary where "the record include[s] all of the information necessary for the court to rule on the motion." *Covey v. United States*, 377 F.3d 903, 909 (8th Cir. 2004).

### B.  Whether Counsel Failed to Appeal Requires an Evidentiary Hearing

The defendant avers in Ground One of his Motion to Vacate under 28 U.S.C. § 2255 that his counsel failed to file an appeal despite the defendant's request that she do so. Filing 112 at 4. Defense counsel filed an affidavit stating that the defendant never asked her to file an appeal. Filing 124-1 at 4 (¶ 32). The Government believes an evidentiary hearing on this matter is required, stating,

> The record at this point does not conclusively establish whether Knight expressly asked his counsel to file a notice of appeal. The District Court must therefore evaluate the credibility of Knight and his counsel. Under Eighth Circuit precedent, this credibility determination requires a hearing.

Filing 123 at 9. The Court agrees. "An attorney's failure to file a notice of appeal upon the client's request constitutes ineffective assistance of counsel, and no specific showing of prejudice is required . . . [e]ven if the client waived his right to appeal as part of a plea agreement," as here. *Sellner*, 773 F.3d at 930 (citation omitted). Nor may the Court "credit[ ] the attorney's affidavit over the petitioner's without first holding an evidentiary hearing." *Id.* Thus, the Court will refer the question of whether the defendant asked his lawyer to file an appeal to the magistrate judge to conduct an evidentiary hearing and draft a Findings and Recommendation.

### C.  Defense Counsel Was Not Ineffective During Plea Negotiations or Discovery

The defendant's second and third grounds for relief both aver that defense counsel's failure to investigate (*i.e.*, "to investigate [unnamed] witnesses and get [unspecified] text messages") induced the defendant into taking a guilty plea when he would have otherwise proceeded to trial. Filing 112 at 5–7. Because these claims are duplicative, the Court will analyze them together.

6

These claims fail because defense counsel's performance was not deficient, and even if so, the defendant was in no way prejudiced.

Defense counsel's performance was not deficient because it did not "f[a]ll below an objective standard of reasonableness." *Nguyen v. United States*, 114 F.3d 699, 703–04 (8th Cir. 1997) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Nguyen*, 114 F.3d at 703 (citing *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir.1985)). The defendant fails to overcome this "formidable barrier" because he stated under oath in open court that he was satisfied with his lawyer's performance. Filing 81 at 21; *see also Nguyen*, 114 F.3d at 704 ("Nguyen's belated claim that his counsel had not represented him effectively is flatly contradicted by his contemporaneous statements at the plea hearing that he was satisfied with the representation he had received and that he believed that his counsel had been a good lawyer." (internal quotations and alterations omitted)).

In addition, defense counsel's performance was not deficient because she negotiated a good deal for the defendant. *See Nguyen*, 114 F.3d at 704 (representation was satisfactory where the plea bargain arranged by defense counsel "was a good deal and [ ] an objectively prudent plea negotiation"). The defendant's plea agreement limited his sentencing exposure to 210 months' imprisonment, Filing 79, considerably short of the 240-month statutory maximum, 18 U.S.C. § 2252(a)(4)(B) & (b)(2), that may have been warranted if the defendant had been convicted at trial. The defendant's petition states that his lawyer failed to investigate potential evidence and to find potential witnesses, Filing 112 at 5–7, but the defendant nowhere identifies nor explains the import

7

of these supposed witnesses and sources of evidence. Instead, the defendant pleaded guilty to the crime charged and agreed with the Government's factual basis for the plea. Filing 81. Defense counsel's performance in obtaining a plea agreement that limited the defendant's sentencing exposure was prudent, not "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The defendant's claims of ineffectiveness are "contradicted by the record" and "inherently incredible." *Walker*, 810 F.3d at 580. Because defense counsel was not ineffective in the discovery- or plea-bargaining-processes, the second and third grounds of the defendant's Motion to Vacate fail.

Alternatively, even if defense counsel's performance was deficient, it did not prejudice the defendant. To show prejudice "[i]n the guilty plea context, the convicted defendant must demonstrate that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Matthews v. United States*, 114 F.3d 112, 114 (8th Cir. 1997) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Under oath, the defendant confessed his guilt, agreed to the Government's stated factual basis, confirmed that he was content with defense counsel's performance, and acknowledged that he understood the potential penalties provided for by statute and his plea agreement. *See generally* Filing 81. The defendant's contention that he would have sustained his plea of not guilty and proceeded to trial is therefore "contradicted by the record" and "inherently incredible." *Walker*, 810 F.3d at 580. As the defendant himself noted during the sealed portion of the change-of-plea hearing, he decided to take the plea offer due to defense counsel's advisement that his sentencing exposure would be much greater if he instead went to trial. Filing 75. "These alleged threats are accurate statements of what the prosecutor might have done if [the defendant] had gone to trial," *Nguyen*, 114 F.3d at 704, and are not bases for habeas relief. Thus, even if defense counsel's representation was

somehow deficient, the defendant was not prejudiced by her performance, which is independently sufficient to deny the second and third grounds of the defendant's Motion to Vacate.

### III. CONCLUSION

An evidentiary hearing is required only on the defendant's first ground for relief alleging that defense counsel refused to honor his request to file an appeal. Accordingly,

IT IS ORDERED:

1. Ground One of the defendant's Motion to Vacate under 28 U.S.C. § 2255, Filing 112, is referred to United States Magistrate Judge Michael D. Nelson to conduct an evidentiary hearing and draft a Findings and Recommendation on the matter; and

2. Grounds Two and Three of the defendant's Motion to Vacate under 28 U.S.C. § 2255, Filing 112, are denied.

Dated this 11th day of June, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge