IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br><br>vs.<br><br><br>RICHARD ALLEN KNIGHT,<br><br>　　　　　Defendant. | **8:21-CR-248**<br><br><br><br>**ORDER** |

This matter is before the Court on petitioner Richard Allen Knight's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, asserting three ineffective assistance of counsel claims. Filing 112. In a prior order, the Court denied Grounds Two and Three of Knight's motion and referred Ground One to United States Magistrate Judge Michael D. Nelson for an evidentiary hearing. Filing 127. In Ground One, Knight alleges that his former counsel failed to file an appeal despite Knight's request for one. Filing 112 at 4. In anticipation of the evidentiary hearing on Ground One, Knight was appointed new counsel. Filing 131. On March 17, 2026, Knight—through his new counsel—filed a Motion to Withdraw § 2255 Motion and to Cancel Evidentiary Hearing. Filing 153. That motion explains that Knight "has determined that it is in his best interest to withdraw his § 2255 Motion." Filing 153 at 1. Consequently, Knight asked the Court to grant his request to withdraw his § 2255 motion and vacate the evidentiary hearing scheduled for March 24, 2026. Filing 153 at 2. On March 19, 2026, Judge Nelson held a motion hearing on Knight's Motion to Withdraw with Knight present and found that Knight had voluntarily, knowingly, and intelligently waived and withdrawn his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255

1

with regard to Ground One. Filing 153; Filing 156 (Audio File). Judge Nelson granted Knight's Motion to Withdraw and cancelled the upcoming evidentiary hearing. Filing 153.

Given that Ground One was the only remaining ground in Knight's § 2255 motion and it has now been withdrawn, the Court dismisses Knight's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 in full. No appeal may be taken on a § 2255 motion to vacate unless a judge issues a certificate of appealability, which requires the appellant to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)–(2). To make "a substantial showing of the denial of a constitutional right" after the district court denies a constitutional claim on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, a petitioner is entitled to a certificate of appealability if the petitioner "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Reasonable jurists would not find the Court's decisions debatable in this case. Therefore, the Court will not issue a certificate of appealability. Accordingly,

IT IS ORDERED:

1. Richard Allen Knight's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Filing 112, is denied in full given that it has been withdrawn; and

2. The Court will not issue a certificate of appealability.

Dated this 20th day of March, 2026.

BY THE COURT:

_____

Brian C. Buescher
United States District Judge